IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

**DARL M. FRIEND**                                            **PLAINTIFF**

VS.                    **CASE NO. _____**

**TRG CUSTOMER SOLUTIONS, INC.**
**d/b/a IBEX GLOBAL SOLUTIONS**                      **DEFENDANT**

## COMPLAINT

       COMES NOW the Plaintiff, Darl M. Friend, by and through counsel, Wallace, Martin, Duke & Russell, PLLC, who for his Complaint, states:

### PARTIES AND JURISDICTION

       1.     Darl M. Friend (hereafter "Friend") is a citizen and resident of Wyoming County, Pennsylvania, who at all relevant times was employed by and worked for Defendant in Maury County, Tennessee. Defendant TRG Customer Solutions, Inc. d/b/a IBEX Global Solutions (hereafter "IBEX") is a foreign corporation with regard to the State of Tennessee with its national headquarters in Washington, D.C., and its primary place of business within the State of Tennessee located in Maury County, Tennessee.

       2.     This is an action brought under the Americans with Disabilities Act of 1990 as Amended (hereafter "ADA") for both discrimination and retaliation; and promissory estoppel. Since the acts giving rise to this action arose in Maury County, Tennessee, venue is proper. This Court has jurisdiction over all the parties.

### GENERAL ALLEGATIONS OF FACT

       3.     Friend began working for IBEX on November 15, 2013 at IBEX' location in Maury County, Tennessee.

1

4. At all times relevant, Friend performed his duties to the satisfaction of Defendant.

5. Friend worked in Customer Support for IBEX in a job that required a great deal of sitting in a fixed position for hours at a time.

6. Chris Chaney ("Chaney") was Friend's immediate supervisor.

7. In early 2014, while working for IBEX, Friend suffered a severe on the job knee injury that required surgery and rehabilitation.

8. Because of Friend's injury, Friend became an individual with a disability as that term is defined under the ADA as he became substantially limited in his ability to walk, stand, and sit.

9. Upon suffering this injury, Friend reported the injury to Chaney and advised him of the extent of his injury.

10. Friend advised Chaney of the injury in reliance upon IBEX' handbook which covered the proper process by which to inform the company of an injury that would affect an employee's ability to work.

11. Further, Friend spoke with Chaney about reasonable accommodations he would need in order to recover from the injury including time off for surgery and recuperation.

12. Chaney advised IBEX Human Resources ("HR") of Friend's issues by contacting Sue Peterson ("Peterson") who then became Friend's primary contact with HR throughout the remainder of Friend's tenure with IBEX.

13. Chaney then told Friend to keep Peterson informed of all issues that related to his disability from that point forward which Friend did for the remainder of his tenure with IBEX.

14. Chaney made it clear that Peterson was to be Friend's HR contact person so that local operations for IBEX in Tennessee would know the status of Friend's disability and need for accommodation.

15. Friend made a request for accommodation to miss certain days and possibly shifts in order to attend doctor's appointments and other medical appointments.

16. This accommodation was approved by both Peterson and Chaney with the requirement that Friend stay in contact with Peterson about any such dates that would be missed and updates on his overall condition.

17. At no time did Friend violate the terms of the accommodation as granted by Peterson and approved by Chaney.

18. Peterson informed Friend that his on the job injury qualified him for workers' compensation and told Friend she would begin the process of filing the claim.

19. On March 11, 2014, Peterson emailed Friend telling Friend that she was having trouble with her IBEX email but that she would have a claim number ready for him by the next day with a referral to a workers' compensation physician.

20. On March 20, 2014, Peterson finally filed the proper paperwork with the Division of Workers' Compensation with the State of Tennessee.

21. Friend's workers' compensation claim is still pending.

22. On June 11, 2014, while recovering from his knee injury, Friend suffered a neck and back injury as well that further impacted his ability to sit, stand, and walk.

23. After this injury, Friend was transported to the hospital and told he could not return to work until after June 16, 2014.

24. From June 11, 2014 until June 19, 2014, Friend stayed in contact with Peterson advising him of his condition in direct compliance with the requirements set out for him by Chaney.

3

25. On June 19, 2014, Friend sent Peterson a doctor's note that outlined how long he would be out of the office due to his present injuries.

26. On June 20, 2014, Friend provided Peterson with another doctor's note showing a return to work date of June 27, 2014 which was the date of Friend's next doctor's appointment, while Friend's physician arranged for appointments at a neurologist and a pain clinic.

27. On June 20, 2014, Chaney and Peterson issued Friend a final written warning threatening Friend with termination if he failed to return to work based upon a fabricated claim that Friend had not contact anyone at IBEX and had failed to return to work after his June 11, 2014, injury.

28. IBEX authorized both Chaney and Peterson to provide such disciplinary actions to Friend and ratified these actions by failing to later object or remove these disciplinary actions when Friend and later the EEOC made IBEX aware of the actions of Chaney and Peterson.

29. On June 27, 2014, Friend provided Peterson with a copy of a doctor's note that showed an expected return to work date of July 8, 2014, which was the date of his next doctor's appointment.

30. On July 8, 2014, Friend provided Peterson with an email and a doctor's note reflecting that he was tentatively expected to return to work no later than August 8, 2014, along with contact information from the doctor issuing the note if anyone at IBEX had questions about his return.

31. On July 9, 2014, Steven Thomas ("Thomas"), the Director of HR for IBEX mailed a letter to Friend threatening to terminate Friend unless he provided yet another doctor's note no later than July 11, 2014.

32. Thomas provided no reason in this letter why Thomas was refusing to accept the doctor's note from July 8, 2014, and then Thomas changed Friend's HR contacts to two new people whom Friend did not know how to directly contact.

33. Upon receiving the letter, Friend immediately provided Thomas with the same letter he provided to Peterson on July 8, 2014.

34. On July 16, 2014, IBEX' Operations Manager, Cordera Frazier ("Frazier"), recommended that HR terminate Friend with HR agreeing to do so.

35. The HR person responsible for terminating Friend was Angela Desai ("Desai").

36. Frazier and Desai took these actions without any consideration for the doctor's notes sent to Peterson or Thomas and without entering into any type of good faith effort of accommodating Friend's request for extension of leave due to an ongoing medical condition.

37. IBEX authorized both Frazier and Desai to terminate Friend and ratified these actions by failing to later object or remove these disciplinary actions when Friend and later the EEOC made IBEX aware of the actions of Frazier and Desai.

38. On July 24, 2014, Friend received a letter from IBEX stating that Friend was terminated effective July 17, 2014.

39. At no time during Friend's termination did Frazier or Desai acknowledge Friend's previous requests for accommodation for his disability in the form of leave or the ongoing approved leave time under the accommodation terms set out by Peterson.

40. Friend's termination was in retaliation for Friend requesting leave for a fixed period of time as an accommodation under the ADA and under the policies of IBEX' handbook.

41. IBEX terminated Friend under circumstances in which similarly situated persons who were not disabled or who had not requested accommodation for a disability were not terminated.

42. IBEX has a mediation agreement in place for mediation to occur between IBEX and its current employees, but IBEX has no mediation agreement in place to cover complaints that may arise after an employee has been unlawfully terminated by IBEX.

43. Friend timely filed a Charge of Discrimination with the EEOC, and now timely files this action within ninety (90) days of receiving his Right to Sue Letter from the EEOC.

## COUNT I – ADA DISCRIMINATION AND RETALIATION

44. Plaintiff re-alleges the foregoing as if fully set out herein.

45. IBEX discriminated against Friend because of Friend's disability in violation of the ADA.

46. Similarly situated non-disabled employees of IBEX have not been terminated under the same circumstance under which Friend was terminated.

47. Further, IBEX failed to accommodate Friend's disability, regarded Friend as disabled, and took adverse action against Friend in violation of the ADA.

48. As a direct and proximate cause of IBEX' acts and omissions alleged herein, Friend has suffered severe mental and emotional distress, lost wages, lost fringe benefits, and incurred other damages in an amount to be proven at trial.

49. IBEX' actions have been so egregious so as to warrant the imposition of punitive damages.

## COUNT II – PROMISSORY ESTOPPEL

50. Plaintiff re-alleges the foregoing as if fully set out herein.

51. IBEX provided Friend with a handbook that included the process by which employees could seek accommodation under the ADA if they met the overall requirements for such accommodation.

52. Friend is a disabled person as that term is defined under the ADA. Friend requested accommodation under the ADA in reliance on IBEX' handbook yet IBEX refused to engage in a good faith interactive process with Friend resulting in Friend's accommodation requests never being considered by IBEX in violation of IBEX' own handbook and policies.

53. Friend reasonably regarded the procedures as outlined in IBEX' handbook as a promise to abide by state law, federal law, and IBEX' own internal procedures regarding the ADA.

54. IBEX intended for Friend to regard IBEX' handbook as a promise that IBEX would abide by the procedures accommodation under the ADA as outlined in IBEX' handbook.

55. Friend did, in fact, reasonably rely upon IBEX' promise to abide by its own procedures as outlines in IBEX' handbook.

56. IBEX failed to abide by IBEX' own procedures as outlined in IBEX' handbook regarding accommodation under the ADA.

57. Due to Friend's reliance on IBEX' promise to abide by the procedures as outlined in IBEX' handbook, Friend has experienced an injustice in the form of his termination and has been damaged.

58. At no time did Friend regard IBEX' handbook as a promise of permanent or perpetual employment; however, Friend did regard IBEX' handbook as a promise that if he took certain actions in reliance on this handbook in order to seek accommodation, IBEX

would in turn take certain actions in order to properly consider and likely grant his reasonably accommodation request.

59. As a direct and proximate cause of IBEX' acts and omissions alleged herein, Friend has lost wages, lost fringe benefits, lost earning capacity, and incurred other damages in an amount to be proven at trial.

60. IBEX' actions have been willful, such that the Friend is entitled to an award of liquidated and punitive damages.

WHEREFORE, Plaintiff prays for appropriate compensatory, liquidated, and punitive damages exceeding $75,000, for reinstatement of front pay, for declaratory relief that Defendant's actions have violated the ADA, for declaratory relief that the Defendant's ADA accommodation practices do not meet the requirements of the law, for reasonable attorneys' fees, for a trial by jury, for costs, and for all other just and proper relief.

Respectfully submitted,

WALLACE, MARTIN, DUKE & RUSSELL, P.L.L.C.
Attorneys at Law
1st Floor, Centre Place
212 Center Street
Little Rock, Arkansas 72201
Attorney for Plaintiff

By: _____*/s/ James Monroe Scurlock*_____
James Monroe Scurlock, BPR No. 031292
jms@WallaceLawFirm.com